# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROCKET MORTGAGE, LLC,
a Michigan limited liability company,

      Plaintiff,

v.

EDUARDO CARDENAS, an individual,

      Defendant.

Case No.
Hon.
Magistrate:

_____

## COMPLAINT

NOW COMES Plaintiff, ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC[1] ("Rocket Mortgage" or "Plaintiff"), by and through its undersigned counsel, MADDIN HAUSER ROTH & HELLER, P.C., and for its Complaint against EDUARDO CARDENAS ("Broker" or "Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Rocket Mortgage is a Michigan limited liability company. Rocket Mortgage's sole member is Rocket Limited Partnership, a Michigan limited partnership. Rocket Limited Partnership's only partners are Rocket GP, LLC, a Michigan limited liability company, and Rocket LP, LLC, a Michigan limited

---

[1] Quicken Loans Inc. converted to Quicken Loans, LLC on 4/5/2020. Quicken Loans, LLC then changed its name to Rocket Mortgage, LLC effective 7/31/2021.

liability company.   Rocket Companies, Inc., a Delaware corporation with its principal place of business located in Detroit, Michigan, is the sole member of both Rocket GP, LLC and of Rocket LP, LLC.   Therefore, Rocket Mortgage is deemed a citizen of Delaware and Michigan, only, for purposes of diversity jurisdiction.

2.     Broker is an individual who, upon information and belief, is domiciled in California and has a principal place of business in California.  Therefore, Broker is deemed a citizen of California, only, for purposes of diversity jurisdiction.

3.     The subject Broker Agreement dated September 11, 2020 between Broker and Rocket Mortgage (**Exhibit A**, "the Agreement") contains the following provision:

> **10.12. GOVERNING LAW; JURISDICTION**. This Agreement shall be governed by, and construed and enforced in accordance with, applicable federal law and the laws of the State of Michigan. Any action arising out of this Agreement or the transactions contemplated hereby may be instituted in any state or federal court located in the State of Michigan. Further, each party expressly waives any objection which such party may have to the laying of venue of any such action, and irrevocably submits to the jurisdiction of any such court and agrees to be fully bound by any final unappealed decision of those courts.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000.00.

04234276 v4                                        2

5.      This Court has general personal jurisdiction over Broker because he has consented to the jurisdiction of this Court by virtue of Section 10.12 of the Agreement.  Mich. Comp. Laws § 600.701(3).

6.      This Court also has specific personal jurisdiction over Broker because he transacted business in Michigan in connection with the transactions described in this Complaint, caused acts to be done and consequences to occur in Michigan resulting in an action for tort, and otherwise has constitutionally sufficient minimum contacts with the State of Michigan.  Mich. Comp. Laws § 600.705(1)-(2).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Eastern District of Michigan is a judicial district in which a substantial part of the events or omissions giving rise to Rocket Mortgage's claim occurred and by virtue of Section 10.12 of the Agreement.

## GENERAL ALLEGATIONS

8.      On September 11, 2020, Broker submitted a Wholesale Application in order to apply for the opportunity to submit loan origination applications to Rocket Mortgage for funding.  **Exhibit B**, Wholesale Application (minus exhibits).

9.      Thereafter, and based in part on the Broker's representations, warranties, and attestations in the Wholesale Application, Rocket Mortgage and

Broker entered into the valid and binding Agreement pursuant to which Broker agreed to "perform origination services and submit loan application packages" to Rocket Mortgage for loans secured by residential real property, from time to time. **Exhibit A**, Agreement, Recitals, p. 1.

10. Broker signed the Agreement. **Exhibit A**, at p. 19.

11. Pursuant to the Agreement, Broker submitted the following loan application (the "Application") to Rocket Mortgage and, in reliance on the loan application, Rocket Mortgage funded the following loan ("the Loan"):

| Loan Number | Closing Date | Original Loan Amount |
|---|---|---|
| xxxxxx6738 | 08/05/2022 | $432,250 |

12. In the Agreement, Broker agreed that "Each Application submitted to Lender shall be subject to strict compliance with (i) the terms and conditions contained in this Agreement, (ii) the Broker Guide, and (iii) any other communications, announcements or guidelines provided by Lender to Broker from time to time." **Exhibit A**, Section 2.2.

13. Section 2.3 of the Agreement placed a number of origination-related responsibilities on Broker, including the following:

04234276 v4

**2.3. PERFORMANCE OF BROKER SERVICES.** In addition to taking the information from Applicant, completing and compiling the Application, and providing and explaining the broker disclosure(s), Broker shall, for every loan, perform services, including but not limited to the following:

(a)   analyzing the Applicant's income and debt and pre-qualifying the prospective Applicant to determine the maximum loan amount that the prospective Applicant can afford;

\*\*\*

(c)   collecting financial information (e.g., tax returns, bank statements) and other related documents that are part of the application process;

(d)   initiating/ordering verifications of employment (VOEs) and verifications of deposits (VODs);

14.   The Agreement further required that Broker "shall be responsible for all communications with Applicants[,]" and shall conduct its business in conformance with all applicable laws. **Exhibit A**, Sections 2.5 and 4.4

15.   As to each individual Loan, Broker further represented and warranted that it would not submit any Applications containing false, misrepresented, inaccurate, or otherwise fraudulent information, including in the below-referenced sections:

**4.7 FRAUD.** Broker shall not submit any Application or related documents containing false or misrepresented information. Broker shall be responsible for all actions taken in the course of its performance of

04234276 v4

5

its obligations under this Agreement, whether performed by Broker, its employees or licensees, or the Applicant, or any other third party retained by or controlled by Broker or Applicant (other than affiliates of Lender) involved in the origination of the mortgage loan. Broker understands and agrees that in the event Lender reasonably believes misrepresentations or fraud generated either through the Broker (by any Applicant or third party), by the Broker, or with the Broker's knowledge exist in an Application or any related documents, Lender may report such misrepresentation or fraud to the appropriate state and federal regulatory authorities, law enforcement agencies, and fraud databases. Broker acknowledges the importance of Lender's right and necessity to disclose such information. Broker waives any and all claims for liability, damages and equitable or administrative relief in connection with Lender's disclosure of such information.

**4.8. NO UNTRUE OR MISLEADING STATEMENTS.** No representation, warranty or written statement made by Broker to Lender in this Agreement or in any schedule, written statement or document furnished to Lender in connection with the transactions contemplated hereby contains or will contain any untrue statement of a material fact or omits or will omit to state a material fact necessary to make the statements contained herein or therein not misleading.

**5.3 FRAUD.** Broker shall not submit any Application or related documents containing false or misrepresented information. Broker shall be responsible for all actions taken in the course of its performance of its obligations under this Agreement, whether performed by Broker, its employees or licensees, or the Applicant, or any other third party retained by or controlled by Broker or Applicant (other than affiliates of Lender ) involved in the origination of the mortgage loan. Broker understands and agrees that in the event Lender reasonably believes misrepresentations or fraud generated either through the Broker (by any Applicant or third party), by the Broker, or with the Broker's knowledge exist in an Application or any related documents, Lender may report such misrepresentation or fraud to the appropriate state and federal

04234276 v4

regulatory authorities, law enforcement agencies, and fraud databases. Broker acknowledges the importance of Lender's right and necessity to disclose such information. Broker waives any and all claims for liability, damages and equitable or administrative relief in connection with Lender's disclosure of such information.

**5.4. FACTUAL DISCLOSURE.** All facts relating to any Application and/or related mortgage loan transaction which are known or should be known to Broker which may adversely affect the value of the mortgaged property, the credit, character or capacity of the Applicant, the validity of the mortgage, or any other aspect of the transaction have been disclosed in writing to Lender.

(collectively, "the Loan-Level Representations and Warranties").

16.     The Agreement clearly and unambiguously states, including by virtue of the above Loan-Level Representations and Warranties, that Broker was responsible for any misrepresentations or other fraudulent conduct in connection with an Application, regardless of whether the fraud was committed by the Broker, the Applicant, and/or a third party employed, retained or controlled by Broker.

17.     The Agreement further required Broker to perform his obligations to Rocket Mortgage in good faith: "The parties hereto agree to deal in good faith with each other at all times." **Exhibit A**, Section 10.15.

18.     Broker failed to perform his services under the Agreement in good faith and in conformance with applicable laws and materially breached the

04234276 v4                                                    7

aforementioned contractual obligations and duties, including but not limited to the Loan Level Representations and Warranties.

19. More specifically, Rocket Mortgage and its investors discovered after the closing of the Loan that Broker submitted a Loan Application that misrepresented the borrower's present and/or future income and employment status and supported the fraudulent Application with documents that were misleading, untrue, fabricated, altered, and otherwise fraudulent.

20. For example, Broker submitted the Application to Rocket Mortgage representing that the borrower worked for a company she did not work for and/or worked a company that did not exist, obtained a degree from a college she did not attend and/or obtained a degree from a college that did not exist, and supported the Application with fabricated, misleading, altered and/or untrue paystubs, diplomas, and college transcripts for the purpose of misrepresenting the status of the borrower's employment and the borrower's earnings.

21. Broker engaged in this conduct knowingly, willfully, and/or with specific and malicious intent to defraud Rocket Mortgage and induce it to fund the Loan or, in the alternative, Broker acted recklessly, negligently, and/or submitted

04234276 v4

8

false, misrepresented, untrue, misleading, and otherwise fraudulent information to Rocket Mortgage.

22.    Broker personally and actively participated in this fraud scheme and therefore has personal liability to Rocket Mortgage in tort and otherwise.

23.    Broker's acts and omissions as described herein were done in bad faith.

24.    Broker's material breaches of the Agreement and breach of the duty of good faith and fair dealing he owed to Rocket Mortgage entitle Rocket Mortgage to exercise its rights and remedies under the Agreement, which include the right to force Broker to repurchase a non-conforming Loan at the "Repurchase Price" (as that term is defined in Section 6 of the Agreement) and for all other damages and other relief Rocket Mortgage is entitled to under the Agreement and applicable law.

25.    Section 8 of the Agreement further requires that Broker indemnify and hold Rocket Mortgage harmless in connection with his material breaches of the Agreement, including but not limited to attorney fees that Rocket Mortgage has incurred and will continue to incur.

26.    The Agreement, by virtue of Section 8 and otherwise, constitutes a valid and binding express contract of indemnity between Rocket Mortgage and Broker.

04234276 v4

27.     Rocket Mortgage previously has provided written notice to Broker of his breaches and demanded that Broker repurchase the affected Loan and otherwise indemnify and hold Rocket Mortgage harmless against all losses, damages, and other liabilities.

28.     Despite that notice, Broker has willfully failed and/or refused to honor the terms of the Agreement.

29.     Broker's acts and omissions, violations of duty, material breaches of the Agreement, and otherwise fraudulent conduct have proximately caused Rocket Mortgage damages, including but not limited to interfering with Rocket Mortgage's relationships with third-party investors, forcing Rocket Mortgage to repurchase the Loan due to demands by the Loan's investors, paying Broker compensation on a Loan that was originated in violation of the Agreement, and/or forcing Rocket Mortgage to suffer losses in the amount of $79,797.86 on re-sale of the Loan on the secondary market due to the defects created by Broker's material breaches of contract and fraud.

30.     Broker's conduct has caused Rocket Mortgage to suffer a loss in reputation as a skilled company and, in light of the clear, malicious, and willful fraud that occurred in this case, exemplary damages are appropriate against the Broker.

04234276 v4                                         10

31. Rocket Mortgage, at all times, complied with the terms of the Agreement and otherwise acted in good faith and in a commercially reasonable manner, including to mitigate its damages.

## COUNT I - BREACH OF CONTRACT BY BROKER

32. Rocket Mortgage incorporates by reference all previous paragraphs as if fully set forth herein.

33. The Agreement is a valid and binding contract between Rocket Mortgage and Broker.

34. Rocket Mortgage fully and adequately performed its obligations under the Agreement.

35. Broker materially breached his obligations under the Agreement as set forth herein, including but not limited to by breaching the Loan-Level Representations and Warranties, by submitting the Application to Rocket Mortgage that misrepresented the Applicant's income and present and past employment, and by submitting documents in support of the Application, such as college transcripts and pay stubs, that were misleading, untrue, fabricated, altered, and otherwise fraudulent.

36. Rocket Mortgage has given Broker written notice of his material breaches in accordance with the Agreement, but Broker has failed and/or refused to remedy the same or to honor his obligations to repurchase the Loan and indemnify and hold Rocket Mortgage harmless against its losses.

37. As a direct and proximate result of Broker's material breaches, Rocket Mortgage has suffered and continues to suffer damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count I of this Complaint in the amount of $79,797.86, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

## COUNT II – BREACH OF EXPRESS INDEMNITY AGREEMENT BY BROKER

38. Rocket Mortgage incorporates all previous allegations as if fully restated herein.

39. Rocket Mortgage and Broker entered into a valid and binding indemnification agreement.

40. Broker agreed to indemnify and hold Rocket Mortgage harmless against, among other things, damages sustained by Rocket Mortgage due to Broker's

breaches of the Agreement and other acts, events, and occurrences, as more fully set forth in Section 8 of the Agreement.

41. By committing material breaches and violating its duty of good faith and fair dealing in connection with its performance under the Agreement, and by failing to indemnify and hold Rocket Mortgage harmless for damages sustained despite demand, Broker has materially breached the express indemnification agreement.

42. As a direct and proximate result of Broker's material breaches of the express indemnification agreement, Rocket Mortgage has suffered and continues to suffer damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count II of this Complaint in the amount of $79,797.86, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

## <u>COUNT III – FRAUD IN THE INDUCEMENT BY BROKER</u>

43. Rocket Mortgage incorporates by reference all previous paragraphs as if fully set forth herein.

04234276 v4

13

44. Broker owed Rocket Mortgage a duty not to defraud, mislead, or otherwise intentionally deceive Rocket Mortgage and, under the circumstances presented, not to misrepresent Broker's future conduct regarding the submission of loans to Rocket Mortgage for funding.

45. Broker violated his duties, (i) on the date and at the time the application and other documents relating to the Loan were submitted; (ii) on the date the Broker submitted his Wholesale Application to be part of Rocket Mortgage's program (Exhibit B, Wholesale Application), and (iii) on the date the Agreement was executed, by maliciously, deliberately, recklessly, and/or willfully making false material representations her future conduct and intentions with respect to, among other things, Broker's compliance with applicable law and investor quality control guidelines for responsible lending, submission of false, untrue, misleading or misrepresented information and statements, ability to perform, the borrower's income, employment and education, and the nature and quality of originated loans.

46. These misrepresentations included false statements in the Questionnaire section of Broker's Wholesale Application, including but not limited to, the attestation that Broker follows the "recommended quality control guidelines

14

for responsible lending of either Fannie Mae or Freddie Mac" and that Broker had "an Anti-Money Laundering Program in place."

47.     Broker made these misrepresentation with knowledge of their falsity, or recklessly without knowledge of their truth, as positive assertions, and with specific intent by Rocket Mortgage would rely upon said misrepresentations by funding loans submitted by Broker, including the Loan.

48.     Rocket Mortgage reasonably and justifiably relied upon these misrepresentations to its detriment, including by allowing Broker to submit loans to Rocket Mortgage for funding, including the Loan.

49.     Broker's misrepresentations have proximately caused Rocket Mortgage to sustain and to continue to sustain damages.

WHEREFORE, Rocket Mortgage respectfully requests judgment against Broker on Count III of this Complaint in the amount of $79,797.86, together with interest, costs, exemplary damages, and attorney fees and all other relief in Rocket Mortgage's favor that the Court deems just and equitable under the circumstances.

04234276 v4

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Deborah S. Lapin*
     Deborah S. Lapin (P59027)
     Matthew Mitchell (P69810)
     One Towne Square, Fifth Floor
     Southfield, MI 48076
     (248) 208-0729
     dlapin@maddinhauser.com
     mmitchell@maddinhauser.com
     *Attorneys for Rocket Mortgage, LLC*

Dated: July 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, the foregoing COMPLAINT was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

     */s/ Deborah S. Lapin*
     Deborah S. Lapin (P59027)

04234276 v4

16